## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 10 2015, 10:13 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael D. Gross
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jose Eduardo Vazquez-Paz,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 10, 2015

Court of Appeals Case No.
06A01-1407-CR-279

Appeal from the Boone Superior
Court

Honorable Rebecca S. McClure,
Judge

Cause No. 06D02-1402-FD-46

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Jose Vazquez-Paz was convicted of operating a vehicle

with an alcohol concentration of at least 0.15, a Class D felony, and resisting

law enforcement, a Class A misdemeanor. Vazquez-Paz appeals those convictions, raising one issue for review: whether the services provided by an interpreter at Vazquez-Paz's trial were adequate to protect his due process right to understand the proceedings. Concluding Vazquez-Paz's due process rights were not violated, we affirm.

## Facts and Procedural History

On February 2, 2014, Joshua Mullins and his fiancée, Sarah Jones, were driving down State Road 39 in Lebanon, Indiana. A car driven by Vazquez-Paz began tailgating Mullins's vehicle. Vazquez-Paz sped up and slowed down several times before finally passing Mullins and almost striking Mullins's vehicle. Vazquez-Paz then turned the wrong way down a one-way street and hit a snow embankment. He stopped briefly but then continued driving.

Mullins followed Vazquez-Paz while Jones called 911 to report a possible drunk driver. Lebanon Police Department Officers Taylor Nielsen and Brad Bailey responded to Jones's emergency call. The officers watched Vazquez-Paz pull into a parking lot and hit a curb, at which point the officers activated their emergency lights and initiated a traffic stop.

Officer Nielson approached the vehicle, and Vazquez-Paz was in the driver's seat. Officer Nielson noticed a strong odor of alcohol and of cologne coming from Vazquez-Paz. Officer Nielson asked Vazquez-Paz where he was heading, and he responded in English that he was going to rent a movie. Noticing that

Vazquez-Paz was Hispanic, Officer Nielson inquired as to how well Vazquez-Paz spoke and understood English, to which he responded that he spoke "good English." Transcript at 179. After obtaining Vazquez-Paz's identification, Officer Nielson asked him to step out of the vehicle to perform field sobriety tests.

[5] Officer Nielson first conducted a horizontal gaze nystagmus test. She then began explaining the walk-and-turn test to Vazquez-Paz, at which time he told the officer that he needed someone who spoke Spanish. Officer Tyson Warmoth, who was on scene, gave Vazquez-Paz instructions in Spanish for the walk-and-turn test and also for the one-leg stand test. Believing that Vazquez-Paz may be intoxicated, Officer Warmoth informed him of Indiana's implied consent law and provided him with a card written in Spanish. Vazquez-Paz refused to give a straight answer as to whether he would consent to a chemical test, so the officers began the process of obtaining a warrant.

[6] While waiting for the officers to secure a warrant, Vazquez-Paz made several aggressive movements toward Officer Warmoth, prompting the officers to place him in handcuffs. When the officers attempted to handcuff Vazquez-Paz, he attempted to pull away and pull his arms back in front of him.

[7] The officers eventually obtained a search warrant and transported Vazquez-Paz to a nearby hospital for a blood draw. Vazquez-Paz yelled at the officers in both Spanish and English while riding in the police car on the way to the hospital. While at the hospital, Vazquez-Paz was calmer and conversed in

English with several of the arresting officers. Vazquez-Paz's blood was drawn, and it was later determined that he had a blood alcohol concentration of 0.17.

[8] On February 3, 2014, the State charged Vazquez-Paz as follows: Count 1, operating a vehicle while intoxicated and endangering another person, a Class A misdemeanor; Count 2, operating a vehicle with an alcohol concentration of at least 0.15, a Class A misdemeanor; and Count 3, resisting law enforcement, a Class A misdemeanor. The State also filed a request to enhance Count 2 to a Class D felony due to Vazquez-Paz's prior conviction for operating a vehicle while intoxicated.

[9] At a pre-trial hearing on February 25, 2014, the trial court recalled that an interpreter was present at Vazquez-Paz's initial hearing but that the interpreter was not used because Vazquez-Paz conversed with the trial court in English. Vazquez-Paz then told the interpreter at the pre-trial hearing that he "understands everything but he doesn't know how to respond." Tr. at 3.

[10] Vazquez-Paz filed a pre-trial request for a defense interpreter, which the trial court granted. A jury trial was set to begin on April 15, 2014, but the defense interpreter, Karen Garza, was not present. Garza informed the trial court that defense counsel told her that she was not needed at trial, but defense counsel denied telling Garza she was not needed. The trial court ordered another interpreter who was present to assist Vazquez-Paz by translating during the jury trial, and the jury trial continued as scheduled. The interpreter sat at the

defense table for the duration of the trial. The jury found Vazquez-Paz guilty of all charges.

[11] On June 3, 2014, the date of the sentencing hearing, Vazquez-Paz made a motion for a new trial on the grounds that the services of the interpreter at trial were inadequate. The trial court suggested that the motion may not be timely because a final judgment had not yet been ordered, and the court then pointed out that an interpreter was with Vazquez-Paz during the jury trial. The trial court also noted that Vazquez-Paz turned to the interpreter only a few times during trial. Vazquez-Paz was sentenced to concurrent terms of three years for operating a vehicle with an alcohol concentration of at least 0.15 and 244 days for resisting law enforcement. This appeal followed.

## Discussion and Decision

### I. Standard of Review

[12] Vazquez-Paz argues that the interpreter's assistance during his jury trial was insufficient to preserve his right to due process. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations and quotation marks omitted). As it pertains to non-English speaking litigants, our supreme court has said that "due process must include not only the opportunity

*to be heard but* also the opportunity *to hear.*" *Ponce v. State*, 9 N.E.3d 1265, 1268 (Ind. 2014) (emphasis in original). "An indigent defendant who cannot speak or understand English has a right to have his proceedings simultaneously translated to allow for effective participation." *Martinez Chavez v. State*, 534 N.E.2d 731, 736 (Ind. 1989).

[13] "The court's decision as to whether an interpreter is needed should be based on factors such as the defendant's understanding of spoken and written English, the complexity of the proceedings, issues, and testimony, and whether, considering those factors, the defendant will be able to participate effectively in his defense." *Arrieta v. State*, 878 N.E.2d 1238, 1243 (Ind. 2008) (quoting *Nur v. State*, 869 N.E.2d 472, 479 (Ind. Ct. App. 2007, *trans. denied*)). A trial court's decision whether to appoint an interpreter is reviewed for an abuse of discretion. *Nur*, 869 N.E.2d at 480.

## II.   Vazquez-Paz's Interpreter

[14] In this case, an interpreter was present and sat with Vazquez-Paz at the defense table throughout the jury trial. On appeal, however, Vazquez-Paz contends the interpreter did not actually perform his duty to interpret the entire proceeding.

[15] Vazquez-Paz refers us to a comment made by the trial court at sentencing, in which the trial court said it noticed Vazquez-Paz turn to the interpreter only six times during the trial. He argues that the trial court's statement implicitly indicates that the interpreter "was only there to answer questions and not to interpret the proceedings in total for [Vazquez-Paz]." Brief of Appellant at 7.

However, the context of the trial court's remark indicates that the trial court was stating its belief that Vazquez-Paz did not need the interpreter during the trial. Vazquez-Paz provides no citation to the record demonstrating that the interpreter sitting next to him was not actually interpreting, and defense counsel never objected or stated a belief that the interpreter's performance was inadequate. Consequently, we do not believe Vazquez-Paz has met his burden of showing that the interpreter provided by the trial court was insufficient to preserve his right to due process.[1]

[16] In addition to the fact that Vazquez-Paz was provided an interpreter, there are several portions of the record that suggest an interpreter may not have been necessary. There is no question that Vazquez-Paz spoke English. When he was first pulled over by police, he told them his English was "good." Tr. at 179. He conversed in English with officers at the hospital. He also spoke in English with the trial court at an initial hearing without using an interpreter. Furthermore, Vazquez-Paz told an interpreter at a pre-trial hearing that he understood everything the trial court was saying.

---

[1] Vazquez-Paz's brief relies entirely on our supreme court's recent decision in *Ponce, supra*. In *Ponce*, the court granted Ponce's petition for post-conviction relief after concluding that an interpreter inaccurately translated portions of his guilty plea hearing. 9 N.E.3d at 1274. Unlike the circumstances in *Ponce*, there is no evidence that Vazquez-Paz's interpreter provided inaccurate translation.

Considering the circumstances of this case and the lack of evidence showing Vazquez-Paz's interpreter performed deficiently, Vazquez-Paz was not denied his right to procedural due process.

# Conclusion

Concluding the interpreter provided to Vazquez-Paz was sufficient to protect his due process rights, we affirm.

Affirmed.

Bailey, J., and Brown, J., concur.